UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2266

MERYEM BENTAOUS, Individually and on behalf of others
similarly situated,

Plaintiff – Appellant,

v.

ASSET ACCEPTANCE, LLC; FULTON FRIEDMAN & GULLACE LLP,

Defendants – Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J.  Frederick  Motz,  Senior  District
Judge.  (1:13-cv-03314-JFM)

Submitted:  June 29, 2015            Decided:  August 27, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

E.  David  Hoskins,  Max  F.  Brauer,  THE  LAW  OFFICES  OF  DAVID
HOSKINS,  LLC,  Baltimore,  Maryland,  for  Appellant.    Terri  S.
Reiskin, DYKEMA GOSSETT PLLC, Washington, D.C.; Cynthia Fulton,
Jason P. Verhagen, FULTON FRIEDMAN & GULLACE, L.L.P., Phoenix,
Arizona, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Meryem Bentaous seeks to appeal the district court's order compelling arbitration and staying and administratively closing the action pending resolution of any arbitration proceedings. Our jurisdiction to review cases originating in the district court is limited to final decisions and certain specified interlocutory orders. 28 U.S.C. §§ 1291, 1292 (2012); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949). Section 16 of the Federal Arbitration Act provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to this title[,]" or from interlocutory orders denying arbitration, but an appeal generally "may not be taken from an interlocutory order . . . granting a stay of any action" referred to arbitration, or "directing arbitration to proceed." 9 U.S.C. § 16; see In re Pisgah Contractors, Inc., 117 F.3d 133, 135 (4th Cir. 1997).

A "final decision" for purposes of § 16 is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86 (2000) (internal quotation marks omitted). Therefore, where a district court orders arbitration and dismisses an action, "leaving the court nothing to do but execute the judgment," the order is a final, appealable order. Id. By contrast, where the district court

2

orders arbitration and enters "a stay instead of a dismissal . . . that order [is not] appealable," as it is interlocutory. Id. at 87 n.2.

As the district court's order compelling arbitration stayed the action rather than dismissing it, that order is not a final, appealable order. In addition, the fact that the court administratively closed the case following the stay does not render the order final. Penn-Am. Ins. Co. v. Mapp, 521 F.3d 290, 295 (4th Cir. 2008) ("Put simply, an otherwise non-final order does not become final because the district court administratively closed the case after issuing the order."). We therefore lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

DISMISSED